IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBRIANNA WADLEY,<br>　　　　Plaintiff,<br>　　v.<br>META PLATFORMS INC.,<br>　　　　Defendant. | Case No. 24-cv-06056-CRB<br><br>**ORDER TO SHOW CAUSE** |

　　　In this action, Gilbrianna Wadley seeks injunctive relief against Meta Platforms, apparently to force Meta to prevent its users from accessing photographs of her. In her Complaint, which she filed in Texas state court, Wadley references violations of her Fourteenth Amendment rights as well as various other privacy-related claims, such as allegations of stalking and harassment and violations of her "right to be forgotten." Meta removed this action to federal court in the Northern District of Texas, asserting jurisdiction under 28 U.S.C. § 1331 given Wadley's invocation of the Fourteenth Amendment, and sought and obtained transfer to this District on the basis of a forum selection clause in its terms of service.

　　　Upon review of Wadley's complaint and Meta's briefing, the Court is concerned that removal was improper. Meta sought removal based on a reference to the Fourteenth Amendment, but as Meta itself acknowledges, the Fourteenth Amendment does not apply to private entities like Meta. Mot. to Dismiss (dkt. 8) at 21. Because Wadley's passing reference to the Fourteenth Amendment does not state a viable claim, and the remainder of her Complaint appears to raise exclusively state-law tort claims, there does not appear to be federal jurisdiction over this action. See Wells Fargo Bank, N.A. v. Hoffman, 2013 WL

1760339, at *2 (N.D. Cal. Apr. 24, 2013) (allegations of constitutional violations at the hands of private entities cannot supply removal jurisdiction); accord Muharib Inv. Grp. v. Starks, 2024 WL 1349180, at *2 (S.D. Tex. Feb. 27, 2024); Burcaw v. Allegheny Wesleyan Methodist Connection, 2007 WL 2254722, at *2 (N.D. Ohio Aug. 3, 2007).

Meta is **ORDERED TO SHOW CAUSE** by Monday, September 30 why this action should not be remanded to Texas state court.  Failure to respond will result in sua sponte remand to Texas state court.  See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it.").

**IT IS SO ORDERED.**

Dated: September 20, 2024



CHARLES R. BREYER
United States District Judge