IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBRIANNA WADLEY, | Case No. 24-cv-06056-CRB |
| Plaintiff, | |
| v. | **REMAND ORDER** |
| META PLATFORMS INC., | |
| Defendant. | |

On September 20, 2024, the Court issued an order to show cause (dkt. 28) why this action should not be remanded to Texas state court for a lack of federal jurisdiction. Meta responded to the OSC on September 30, 2024. Resp. to OSC (dkt. 30). In its response, Meta cites the Ninth Circuit's decision in Bollard v. California Province of the Society of Jesus, which instructs that "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." 196 F.3d 940, 951 (9th Cir. 1999). In Bollard, the Ninth Circuit thus held that a defendant's invocation of the ministerial exception does not defeat federal jurisdiction. Id.

Meta's reliance on Bollard in this case begs the question, though. Meta never explains why Wadley's Texas complaint (dkt 1-3), which purports to state a claim against Meta under the Fourteenth Amendment, is not frivolous. In fact, courts across the country regularly hold that assertions of federal constitutional claims against private actors are frivolous. See, e.g., Van Pelt v. St. Clair, 968 F.2d 763, 764 (8th Cir. 1992) (per curiam) ("The district court properly dismissed the claim against [the defendant] as frivolous … because there was no assertion [he] was a state actor."); Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic, 835 F. App'x 489, 491 (11th Cir. 2020) ("The district court

1   did not abuse its discretion in dismissing [the plaintiff's] § 1983 claims against the

2   University as frivolous because the University is not a state actor."); Hines v. Helms, 78 F.

3   App'x 360, 361 (5th Cir. 2003) (dismissing as frivolous § 1983 suit against private actors,

4   even when the plaintiff made conclusory allegation of conspiracy with state actors); Baize

5   v. Lloyd, 2014 WL 6090324, at *3 (S.D. Cal. Nov. 13, 2014) (dismissing for lack of

6   federal jurisdiction claim against private actors (citing Bollard, 196 F.3d at 951)); White v.

7   Hinds, 2015 WL 3745216, at *4 (D.N.J. June 15, 2015) ("the absence of a state actor

8   makes Plaintiff's § 1983 claim frivolous"); Menefee v. UPS, 2006 WL 373046, at *1 (E.D.

9   Mich. Feb. 16, 2006) ("The pending complaint is frivolous and fails to state a claim,

10  because UPS is not a state actor."); Scelza v. Scelza, 2024 WL 2722118, at *3 (E.D.N.Y.

11  May 28, 2024) ("Given that neither [defendant is a] state actor[] … Plaintiff's Section

12  1983 claims against them are not plausible [and] are frivolous."); McNeill v. Jordan, 2008

13  WL 5561032, at *2 (E.D.N.C. June 17, 2008) (dismissing as frivolous § 1983 suit against

14  private actors).  The Court likewise holds that Wadley fails to allege a non-frivolous

15  federal claim and that remand to Texas state court is proper.

16      Meta asks the Court to dismiss the case on forum non conveniens grounds.  While

17  Meta is correct that the Court may resolve forum non conveniens questions before subject-

18  matter jurisdiction, see Sinochem Int'l Co. v. Malaysia Int'l Shipping Co., 549 U.S. 422,

19  423 (2007), Meta points to no authority that the Court must do so.  And it would be

20  inappropriate for the Court to wade into the interpretation of Meta's forum selection clause

21  without briefing from both parties.  The Texas courts are perfectly capable of addressing

22  these issues on remand.

23      For the foregoing reasons, the action is **REMANDED** to the 101st Judicial District

24  Court of Dallas County, Texas.

25      **IT IS SO ORDERED.**

26      Dated: October 2, 2024

27      _____
        CHARLES R. BREYER
        United States District Judge

28

United States District Court
Northern District of California